UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BONDERER,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>GENA JONES,<br><br>　　　　　Respondent. | No. 2:20-cv-00415 DC-AC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 35, 40) |

Petitioner Joseph Bonderer, a state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Petitioner first claims that his Due Process rights were violated by the "wrongful admission of an unfairly suggestive and unreliable single photo identification of him by [the victim] which tainted her in court identification of him . . ." (Doc. No. 1 at 32.) Petitioner also claims the warrantless seizure of his DNA following his arrest was in violation of his Fourth Amendment rights.[1] (*Id*. at 40.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 9, 2024, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be denied. (Doc. No. 35.) Specifically, the magistrate judge found that relief was unavailable on Petitioner's first claim "[b]ecause the

---

[1] This case proceeded on Petitioner's first and second claims only, after he voluntarily dismissed his third through fifth claims. (Doc. Nos. 18, 20.)

1

state court's judgment did not rely on any objectively unreasonable findings of fact or objectively unreasonable application of Supreme Court precedent." (*Id*. at 11.) The magistrate judge also found Petitioner's second claim was non-cognizable in a federal habeas proceeding because Petitioner "had a full and fair opportunity in state court to seek a remedy for any and all Fourth Amendment violations." (*Id*. at 11–12.)

The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days from the date of service. (*Id*. at 5.) After receiving an extension of time, on November 6, 2024, Petitioner timely filed objections to the findings and recommendations. (Doc. No. 39.) On April 7, 2025, Petitioner filed a request for the court to review pretrial transcripts and court documents related to his state court conviction. (Doc. No. 40.)

In his objections, Petitioner argues the magistrate judge's recommendation that his first claim be denied is contrary to Supreme Court and Ninth Circuit precedent. (Doc. No. 39 at 1.) Petitioner does not address the magistrate judge's recommendation as to his second claim. (*Id*.) On April 7, 2025, Petitioner also filed a request for the court to review pretrial transcripts and court records concerning "the DNA evidence" in his case. (Doc. No. 40.) The court reviewed Petitioner's objections and finds they do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Having found that Petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may issue a certificate of appealability only if "jurists of reason could disagree with the district court's resolution of [the

petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The petitioner is not required to prove the merits of his case, but he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 328 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)) (internal quotation marks omitted). Additionally, when the court denies habeas relief on procedural grounds without reaching an underlying constitutional claim, a court should issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied to be debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on October 9, 2024 (Doc. No. 35) are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is DENIED;
3. Petitioner's request that the court review the pretrial transcripts and court records of this case (Doc. No. 40) is GRANTED;
4. The court declines to issue a certificate of appealability; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 29, 2025**

Dena Coggins
United States District Judge

3